[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION OF COURT'S GRANTING OF PLAINTIFF'S MOTION TO STRIKE MERCHANT-MARK ASSOCIATES, LTD'S APPORTIONMENT COMPLAINT
Merchant-Mark filed an apportionment complaint against Sylvester Lloyd, Jr., claiming that he "negligently" attempted to reach into the plaintiff's car. He did so to steal her purse. That cannot be a negligent act. It was obviously intentional.
Counsel should review the attorney's oaths that he took upon admission to the Bar wherein it states that a lawyer shall "do no falsehood nor consent to any to be done in court, and if you know of any to be done, you will give information thereof to the judges, or one of them, that it may be reformed; you will not . . . promote, sue or cause to be sued, any false or unlawful suit, or give aid or consent to the same. . . ."
The mere statement that Lloyd was negligent when he attempted to rob the plaintiff is ludicrous. There is nothing in the plaintiff's pleading on the facts of the case from which any reasonable person could conclude that Lloyd's action in reaching into the plaintiff's car was anything but intentional. There can be no apportionment complaint against a person who commits an intentional act.
The court is not required to shut its eyes to the realities of the case when ruling on motions. In this case, counsel for Merchant-Mark is attempting to commit a fraud upon the court by alleging facts for which there is absolutely no basis. Such conduct will not be tolerated by the court.
The motion to strike is granted. CT Page 10933
D. Michael Hurley, Judge Trial Referee